**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDY VEGA TELLEZ, | No. 12-55297 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-05799-DMG |
| v. | |
| RICHARD IVES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Former federal prisoner Brandy Vega Tellez appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas petition challenging a

prison disciplinary hearing that resulted in the loss of good time credits. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review the denial of a section 2241 petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Tellez's section 2241 petition argued that due process required the prison disciplinary hearing officer to employ a preponderance of the evidence standard in adjudicating the charge, and that the sanctions imposed were excessive and thus violated his Eighth Amendment rights. Tellez's opening brief, however, does not raise any claims relating to the prison disciplinary hearing. His challenges are therefore waived, *see Jones v. Wood*, 207 F.3d 557, 562 n.2 (9th Cir. 2000), and in any event, they lack merit. The record reflects that the officer did apply a preponderance of the evidence standard. Furthermore, the loss of 41 days of good time credit is not so grossly disproportionate to the severity of his misconduct as to violate the Eighth Amendment. *See Rummel v. Estelle*, 445 U.S. 263, 271 (1980).

Tellez argues that his substantive due process rights were violated when he was denied the right to medication to alleviate pain. We decline to address this claim because Tellez did not raise it before the district court and asserted it for the first time on appeal in his reply brief. *See Jones*, 207 F.3d at 562 n.2; *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.").

We also decline to address Tellez's arguments challenging the denial of a 28 U.S.C. § 2255 motion he filed in the Eastern District of California, as the decision in that case is not part of this appeal. Accordingly, appellee's motion for judicial notice is denied.

Appellee's motion under Federal Rules of Appellate Procedure 23(a) is denied as moot.

**AFFIRMED.**